**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **No. 3:05cr117** |
| | : | **No. 3:07cr090** |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **JOHN C. TANIS, III,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is Defendant John C. Tanis, III's (hereinafter "defendant") motion for modification of supervised release in which defendant seeks permission for international travel. The parties have presented their respective positions, and a hearing was held on November 13, 2013. The matter is thus ripe for disposition.

**Background**

The court sentenced defendant on March 30, 2007 for two different crimes, Misprison of a Felony, 18 U.S.C. § 4, and Felon in Possession of Firearms and Ammunition, 18 U.S.C. § 922(g)(1). On the Misprison conviction, which involved a type of bank fraud, the court sentenced defendant to imprisonment for twelve (12) months and (1) day and a one (1) year period of supervised release. (Doc. 10, 3:07cr90, Judgment). The court sentenced defendant to sixty (60) months imprisonment and three (3) years supervised release on the Felon in Possession of Firearms conviction. (Doc. 100, 3:05cr117, Judgment).

Defendant has served his prison terms and has approximately nine (9) months remaining on supervised release. Under the standard conditions of supervision, defendant is not permitted to leave the judicial district without the permission of the court or probation office. In the instant motion, defendant requests permission to travel to the Ukraine to meet, for the first time in person, a woman he intends to wed. He seeks to take pictures of himself with her for use in her visa application.

**Legal Standard**

Pursuant to 18 U.S.C. § 3583(e), the court may modify the terms of supervised release after considering the following factors:

"[T]he nature and circumstances of the offense and the history and characteristics of the defendant;" 18 U.S.C. § 3553(a)(1);

"[T]he need for the sentence imposed - to afford adequate deterrence to criminal conduct;" 18 U.S.C. § 3553(a)(2)(B);

"[T]he need for the sentence imposed-"to protect the public from further crimes of the defendant;" 18 U.S.C. § 3553 (a)(2)(C); and

"[T]he need for the sentence imposed -"to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553 (a)(2)(D).

**Discussion**

After a review of the above-listed factors, we find that it is

inappropriate to grant the requested relief. This request for permission to leave the country is defendant's third such request in the past two years.[1] In our letter denying his last request we noted the following:

Defendant had been convicted of a very serious crime, Felon in Possession of Firearms, involving machine guns allegedly imported from the Ukraine, the very country to which he sought to travel;

Officials found over 160 guns, silencer components, 7 machine guns and thousands of rounds of ammunition at his residence;

The Probation Office noted they had concerns over defendant's financial situation; and

Travel outside the district is a privilege not a right.

(Doc. 49, Correspondence to defendant from the court dated Feb. 7, 2013).

Therefore, we found that international travel was inappropriate. The court informed defendant of this decision in February 2013. (Id.)

In October 2013, with the assistance of court-appointed counsel, defendant filed the instant motion. The motion does nothing to alleviate

---

[1] Defendant requested permission to travel to meet a fiancee in Moldavia in October 2011. (Doc. 157, 3:05cr117). This request for international travel was denied. He made a second request in December 2012, this time to travel to the Ukraine to meet a fiancee. (Doc. 47, 3:07cr90). The court denied this request in February 2013. (Doc. 49).

3

the concerns raised by the court in its February 2013 correspondence.[2]

To evaluate the relevant factors, it is important to review the reason defendant seeks to travel internationally.   Defendant does not want to travel for medical reasons, education or vocational training as discussed in the relevant statute.  See 18 U.S.C. § 3553.  He seeks to travel to the Ukraine to meet a woman whom he intends to marry.  The current woman who defendant seeks to meet is a different woman from the fiancee he sought permission to meet in his last request.  Indeed, it appears that he was e-mailing this woman at the time he sought permission to leave the country to meet his prior fiancee. (See Doc. 164, 3:05cr117, pg. 2, indicating that "Olga's" first letter to defendant was on November 3, 2012, and he sought permission in December 2012 to meet another woman, "Svetlana" see Doc. 50, 3:07cr90).

Defendant has not met any of these significantly younger women in person, but principally interacts with them through a website that allows men in the United States to contact women in Eastern European countries. (See generally Doc. 164).  We make no determination regarding the sincerity of defendant's desire to wed.  We note, however, that the

---

[2]The motion asserts that defendant has been in contact with his fiancee since 1992. (Doc. 160, 3:05cr117, ¶ 6).  The attachments to defendant's letter to the court, however, indicate that he has actually been in contact with her for approximately one year.  (Doc. 164, 3:05cr117, p. 2).

circumstances surrounding these relationships are unusual, and the defendant does not present a compelling reason for the court to modify the conditions of his supervised release.

We also must evaluate the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1).  In our prior denial of his request to leave the country we noted that the probation office had concerns about the defendant's financial situation.  Nothing indicates that this situation has improved.  Defendant, in fact, filed the instant motion through a court-appointed federal public defender, such attorneys are provided only to indigent persons.  In light of the defendant's financial situation, it is apparent that he may not have the financial wherewithal for travel to Eastern Europe.

Moreover, we are directed to review the need for the sentence imposed-"to protect the public from further crimes of the defendant;" 18 U.S.C. § 3553 (a)(2)(C).  To protect the public from such crimes, the terms of defendant's supervised release provide that he should commit no further "federal, state or local crime."   Between the filing of his last request, and the filing of the instant motion, however, defendant has been charged with various "cruelty to animals" crimes in Lackawanna County, Pennsylvania.  Thus, this factor weighs against granting the defendant's motion.

The nature and circumstances of the defendant's offenses also support the denial of the motion.   See  8 U.S.C. § 3553(a)(1) Defendant's

prior criminal record is significant and does not merit this court placing any confidence in him regarding travel to the Ukraine, the very country that was allegedly involved in his firearms conviction.  This conclusion is  especially apt because the reason for the visit is to meet a woman he has never met in person and help her get a passport to come to the United States.

The court is sympathetic to the defendant's desire to move on with his life, however, based upon the above, we find that factors we must review indicate that granting the defendant a modification of supervised release and permission to leave the country is not appropriate. Accordingly, the motion for modification of supervised release (Doc. 160 in 3:05cr117) is will be denied.  An appropriate order follows.

**Date: November 19, 2013**  **BY THE COURT:**


**s/ James M. Munley**

**JUDGE JAMES M. MUNLEY**
**United States District Court**